[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12024
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 4:09-cr-00016-SPM-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC RANNON ROWLS,
a.k.a. "E",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 9, 2010)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Eric Rowls appeals his convictions for two counts of distributing cocaine

base and one count of possessing with intent to distribute various controlled

substances, all in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Rowls argues on appeal that the district court erred in denying his motion to suppress drugs and cash discovered during a traffic stop. The pre-planned traffic stop was a part of an investigation into Rowls's drug activities, and it was conducted to protect the identity of a confidential informant who had previously disclosed Rowls as his supplier. Rowls argues that the traffic stop violated the Fourth Amendment because it was based upon two officers' mistaken belief that they could use untested speedometers of their patrol cars to determine Rowls's speed. Rowls cites Florida law that requires any device used to determine the speed of a car, including car speedometers, to be tested for accuracy.[1] Rowls contends that one of the pacing officers had never served in traffic enforcement and had not received any training in "pace clocking" a vehicle. Moreover, evidence did not show when, if ever, the patrol cars' speedometers had been tested. Rowls notes that the third officer who stopped his car did not personally observe him commit any traffic violation, instead relying on the information provided by the two pacing officers.

In reviewing a denial of a motion to suppress evidence, we review the district court's "findings of fact for clear error and its application of law to those

---

[1]Florida law requires all speed measuring devices, including speedometers, to be regularly tested for accuracy if use for speed enforcement. Fla. Stat. § 316.1905(1); Fla. Admin. Code Ann. r. 15B-2.011.

facts *de novo*." *United States v. Ramirez*, 476 F.3d 1231, 1235 (11th Cir. 2007). We construe all factual findings in the light most favorable to the prevailing party—in this case, the government. *Id.* at 1235–36.

"The Fourth Amendment protects individuals from unreasonable search and seizure." *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008) (quotation omitted). When police stop a motor vehicle, even for a brief period, a Fourth Amendment "seizure" occurs. *Whren v. United States*, 517 U.S. 806, 809-10, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). A traffic stop is reasonable, and therefore constitutional, if the officers conducting the stop have "probable cause to believe a traffic violation has occurred . . . ." *Harris*, 526 F.3d at 1337. A determination of probable cause rests on objective factors, and the officers' subjective motives in making the stop are irrelevant. *See Whren*, 517 U.S. at 813, 116 S.Ct. at 1774. Furthermore, a "traffic stop based on an officer's incorrect but reasonable assessment of facts does not violate the Fourth Amendment." *United States v. Chanthasouxat*, 342 F.3d 1271, 1276 (11th Cir. 2003). However, a mistake of law, "no matter how reasonable or understandable, . . . cannot provide reasonable suspicion or probable cause to justify a traffic stop." *Id.* at 1279.

Upon review of the record and briefs, we find no reversible error in the denial of Rowls's motion to suppress. Viewed in the light most favorable to the

3

government, the evidence presented at the suppression hearing shows that the officers had probable cause to stop Rowls for speeding. They paced him for one mile, with each officer's speedometer registering a speed of ten miles above the posted speed limit. It was not unreasonable for them to rely on their speedometers in gauging Rowls's speed. The Florida statute requiring speedometer testing is irrelevant to the Fourth Amendment reasonableness analysis because an officer's observation of a traffic violation is enough to create probable cause under the Fourth Amendment and the officer who actually stopped Rowls could properly rely on information provided by other officers in conducting the stop. *See United States v. Goddard*, 312 F.3d 1360, 1363 (11th Cir. 2002) ("Observations and other information supplied by officers involved in a common investigation can, taken together, create probable cause for a search.") Accordingly, we affirm Rowls's conviction.

**AFFIRMED.**